**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BARRY BRENT LAW** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO: 3:24-cv-829** |
| **v.** | § | |
| | § | |
| **AT&T MANAGEMENT SERVICES,** | § | |
| **LLC A DIVISION OF AT&T** | § | |
| **CORPORATION** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Barry Brent Law ("Law" or "Plaintiff") complains of Defendant AT&T Management Services, LLC a division of AT&T Corporation ("AT&T" or "Defendant") and for causes of action would show the Court as follows:

## I.
## INTRODUCTION

1.01    Plaintiff brings this action for age discrimination, under 29 U.S.C § 626 (e) (Age Discrimination in Employment Act) Chapter 21 of the Texas Labor Code and the Uniformed Services Employment and Reemployment Act (USERRA).

## II.
## PARTIES

2.01    Plaintiff is a citizen and resident of the State of Texas.  Plaintiff resides at 5599 Summer Star Lane, Frisco, TX 75036 and may be contacted through the undersigned counsel.

---

2.02    Defendant AT&T Management Services, LLC is a division of AT&T Corporation a Delaware Corporation organized under the laws of Delaware. AT&T Management Services LLC's headquarters are located at 9215 Weiss St. Dallas, TX 278. Defendant may be served through its Agent for Service C T Corporation System located at 1999 Bryan St. Suite 900 Dallas, TX 75201.

## III.
## JURISDICTION AND VENUE

3.01    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and pendant and supplemental jurisdiction of the common law claims.

3.02    Venue for all causes of actions stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391.  This Court also has pendent jurisdiction over state law claims.

3.03    Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission on May 5, 2023, and received a Notice of Right to Sue on March 28, 2024. Plaintiff is filing this complaint within 90 of his receipt of the Notice of Right to Sue.

## IV.
## FACTUAL ALLEGATIONS

4.01     The forgoing paragraphs are incorporated herein as though fully set forth.

4.02    Plaintiff began his employment with Defendant in 1999 and currently holds the position of Level 2, Associate Director – Executive Operations.

4.03    Plaintiff's date of birth is February 26, 1971. As of November 2023, Plaintiff was 52 years of age and earning a salary of $110,967.00.

4.04    Plaintiff had exceeded all goals and expectations which are reflected in his

performance reviews.

4.05    Throughout his 23 years of employment with Defendant, Plaintiff had the

following positions:

- November 1999 – Office Manager (Cleveland, OH, level 1)
- June 2001 – Switch Engineer (Cleveland, OH, lateral)
- October 2001 to Operation Nobel Eagle
- September 2002 – returned from deployment and was Capacity Planner (Cleveland, OH, lateral)
- January 2003- Deployed to Iraq
- December 2003 – Capacity Planner (Cleveland, OH, lateral)
- December 2004 – Human Resources Employee Relations Manager (San Antonio, TX, lateral) Paid for our own move to stay with company
- August 2006 (approximate) – Property Manager Flight Operations (San Antonio, lateral)
- October 2008- kept same job and level but moved to Dallas, TX with corporate headquarters
- August 16 Lead Consultant – Flight Operations Administration (Dallas, TX, promotion)
- November 2021 (approximate) Associate Director – Executive Operations (Dallas, TX, lateral)
-

4.06     During the last three years of Plaintiff's employment, Plaintiff's immediate

supervisors were James Buchanan, ("Buchanan") Iain McGarva ("McGarva") and James

("Jimmie") Valentine ("Valentine").

4.07    Since approximately 2006 up to the end of his employment, Plaintiff made

repeated requests and inquiries about being promoted within AT&T. Plaintiff made these

requests to his supervisors when they were his direct reports

4.08    In response to his earlier requests, Plaintiff was told that he had to get a Master's

degree in order to be a Third Level Director.

4.09    Plaintiff then completed a Master of Science in leadership administration from

Central Michigan University in 2016 and a second master's degree in strategic studies from the

US Army War College in 2021. Plaintiff received no promotion after he obtained these degrees.

4.10    When Plaintiff made a second inquiry about promotion opportunities, he was told that he needed to learn more about finance and to take some AT&T courses, which Plaintiff did. Plaintiff still did not receive any offers of promotion or suggested promotional opportunities.

4.11    When Plaintiff made a third inquiry about promotional opportunities, he was told that he needed to shadow someone in the AT&T Financing Department. Plaintiff did as he was directed but did not receive a promotion.

4.12    When Plaintiff inquired a fourth time about promotion opportunities, Buchanan told Plaintiff that he needed his Certified Aviation Manager (CAM) certificate. Valentine subsequently told Plaintiff that the CAM was not worth it or needed for further promotion opportunities.

4.13    On or about January 2018, Plaintiff inquired a fifth time about promotional opportunities, Buchanan told Plaintiff that he was too old. Plaintiff promptly reported Buchanan's statement to Valentine, but no action was taken.

4.14    On or about January 2019, Plaintiff inquired a sixth time about promotional opportunities. Buchanan told Plaintiff that he was too old and that being a second level manager was a good way to retire from AT&T.

4.15    Plaintiff again reported Buchanan's comments to Valentine, who represented to Plaintiff that there would not be a third level director position for anyone.

4.16    In November 2021, Plaintiff was moved to a different department and put in charge of a group, which Plaintiff discovered was being managed by a Third Level Manager.

4.17    When Plaintiff pointed out to Valentine that there was a Third Level Management position, Valentine said that there should never have been a Third Level Management position but took no other action.

4.18     Plaintiff is a member of the US armed forces and holds the rank of Colonel in the Army division. Throughout his employment with Defendant, Plaintiff has had the following assignments:

- 2001-2002: Ohio National Guard and deployed for approx. 1 year ending in October 2002
- 2003-2004: Deployed and sent to Iraq
- 2005: Stayed in the Ohio National Guard for several years with no more deployments (did go for three weeks to support Hurricane Katrina, 2005)
- 2005 2022: Switched to the Army Reserves
- May 2022- February 2023: Deployed for active duty in the Middle East
- February 27, 2023: returned to work for Defendant

4.19     During Plaintiff 's last military deployment, Defendant appointed Greg Nelson ("Nelson") to be Plaintiff's back up in Plaintiff's absence. Within a month of Plaintiff's return from military duty, Defendant promoted Nelson to a Third Level management position.

4.20     On March 31, 2023 Valentine told Plaintiff that they would be announcing Nelson's promotion to a Level 3 Director.

4.21     Nelson is significantly younger than Plaintiff.

4.22     Plaintiff told Valentine that it had angered him because in the past, Valentine had told Plaintiff that there would never be a Level 3. Valentine explained that there was an evaluation done on the job and Human Resources determined that he should be a Level 3 director.

4.23     Prior to Plaintiff's last military leave, Buchanan told Plaintiff that he was too old to get promoted within AT&T and that it would never happen.

4.24     In 2018 when Plaintiff received his yearly review with Buchanan. Buchanan asked Plaintiff where he saw himself in five (5) years' time. Plaintiff told Buchanan that he would like to step into Buchanan's role. Buchanan told Plaintiff was too old to get promoted because although he had excellent leadership skills, Plaintiff was not CAM certified and did not have a degree in finance.

4.25  During Plaintiff's 2019 appraisal, Buchanan again asked Plaintiff where he saw himself within five years. Plaintiff again stated that he would like to assume Buchanan's role. Buchanan again told Plaintiff that he was too old to be promoted.

**V.**
**FIRST COUNT**
**AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C § 626 (e) AND CHAPTER 21 OF THE TEXAS LABOR CODE**

5.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.02    Plaintiff is an employee within the meaning of 29 U.S.C. § 626 ( e) (ADEA)    and belongs to a class protected under the statute.

5.03    Defendant is an employer within the meaning of 29 U.S.C. § 626 (e) since it employs more than fifteen employees.

5.04    Defendant is also an employer within the meaning of Chapter 21 of the Texas Labor Code.

5.05    Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA and Chapter 21 of the Texas Labor Code consistently denying Plaintiff promotional opportunities for which Plaintiff was qualified and assigning a significantly younger individual to a Level 3 Director's position that Defendant had previously represented did not exist.

5.06    Plaintiff has timely filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission and received a Notice of Right to Sue on March 28, 2024. Plaintiff is filing this complaint within 90 of his receipt of the Notice of Right to Sue.

5.07    As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and

    b.    Plaintiff suffered lost wages and related benefits.

5.08    Plaintiff is entitled to an award of attorneys' fees and costs under 29 U.S.C. §626 (e ).

5.09    Defendant violated the ADEA and Chapter 21 of the Texas Labor Code by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's age.

5.10    Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages.  Further, this discrimination was done with malice or with reckless indifference to Plaintiff's Federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

**VI.**
**SECOND COUNT**
**VIOLATION OF 38 U.S.C. § 4311 (USERRA)**

6.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

6.02    At all times relevant herein, Plaintiff was a member of the United States Armed Services, army division.

6.03    Plaintiff repeatedly went on military leave and had to take absences from work to perform his military duty.

6.04     Plaintiff's tours of duty included the Middle East and Iraq as well as reserve duty.

6.05     Plaintiffs most recent military absence was from 2022 through 2023.

6.06     Plaintiff repeatedly inquired about promotional opportunities within Defendant's organization.

6.07     While Plaintiff was absent on military duty from 2022 through 2023, Defendant groomed and promoted a younger individual to a higher paying position in which Plaintiff had repeatedly expressed interest.

6.08     Defendant's assignment of another individual to a position in which Plaintiff had repeatedly expressed interest was based in part upon Plaintiff's military absence and thereby in violation of USERRA.

6.09     Plaintiff believes and therefore asserts that his military service and obligations have been held against him in promotional opportunities that he has consistently requested throughout his employment with Defendant.

6.10     Plaintiff now seeks damages in the form of pay differential costs and attorneys fees.

## VII.
## JURY TRIAL DEMANDED

7.01     Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

(1)     Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2)     Judgment for back pay and front pay as allowed by law;

(3)    Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses;

(4)    Exemplary damages in an amount to be determined by the trier of fact;

(5)    Prejudgment and Post-judgment at the maximum legal rate;

(6)    All costs of court;

(7)    Attorneys' fees; and

(8)    Such other and further relief to which Plaintiffs may be justly entitled.


Dated:  April 4, 2024.                                    Respectfully submitted,

**LAW OFFICES OF NICK O'KELLY, PLLC**

By: /s/ Nicholas A O'Kelly
    Nicholas A O'Kelly
    State Bar No. 15241235
    4925 Greenville Avenue, Ste 200
    Dallas, Texas 75206
    (214) 233-5204 - Telephone
    email: nick@okellylawyer.com.

**ATTORNEY FOR PLAINTIFF**
**BARRY BRENT LAW**